IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS DAVIS, BZ-9982,    )
    Petitioner,    )
        )
    v.    )    2:12-cv-61
        )
BRIAN THOMPSON    )
    Respondent.    )

MEMORANDUM and ORDER

Mitchell, M.J.:

Thomas Davis, an inmate at the State Correctional Institution at Mercer has presented a petition for a writ of habeas. In his petition, Davis seeks to challenge a series of convictions in the Court of Common Pleas of Allegheny County, Pennsylvania docketed at Nos. CC 198904099, CC198904606 and CC 199100184. On January 14, 1992, he was sentenced to a fourteen to twenty-eight years of incarceration.[1]

The instant petition was received on January 17, 2012. However, this is not the first federal challenge that the petitioner has directed at these convictions. Davis filed several other habeas actions in this Court: CA 97-629 was denied and a certificate of appealability denied by the Court of Appeals; 00-cv-884 was transferred to the Court of Appeals as a successive petition and the later Court dismissed the proceedings; 08-cv-441 was dismissed and a certificate of appealability was denied by the Court of Appeals; 08-cv-1724 was dismissed and no appeal pursued. More interesting is that on October 21, 2009, Davis filed a § 2241 petition in the Court

---

[1] See: Western District of Pennsylvania Docket 2:09-cv-1452.

1

of Appeal (No. 09-4064); that Court transferred the matter to this Court; it was filed at 09-cv-1452 and dismissed as improperly filed as a § 2241 petition and as barred as a successive § 2254 petition. No appeal was pursued. Finally, on April 28, 2010 Davis filed another habeas corpus petition at CA 2:10-cv-538. That petition was transferred to the Court of Appeals as a successive petition and leave to file a successive petition was denied by the Court on August 9, 2010. Davis once again returns to this Court challenging the same convictions which he previously collaterally attacked.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.   The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

     Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C.§ 2244(b)(3)(A), and accordingly this Court lacks jurisdiction over it without the authorization of the Court of Appeals, the instant petition will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

     An appropriate Order shall be entered.

ORDER

AND NOW, this 19th day of January, 2012, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 as a successive petition.

|  |  |
|---|---|
| Entered: January 19, 2012 | s/ Robert C. Mitchell,<br>United States Magistrate Judge |